IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BROCK ANDERSEN and BALRAJ PAUL, derivatively on behalf of UNDER ARMOUR, INC. | * * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-18-2239 |
| KEVIN A. PLANK, *et al.*, | * | |
| Defendants, | * | |
| and | * | |
| UNDER ARMOUR, INC., | * | |
| Nominal Defendant. | * | |

| | | |
|---|---|---|
| DALE OLIN, *et al.*, derivatively on behalf of UNDER ARMOUR, INC. | * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2523 |
| KEVIN A. PLANK, *et al.*, | * | |
| Defendants, | * | |
| and | * | |
| UNDER ARMOUR, INC., | * | |
| Nominal Defendant. | * * | |

| | |
|---|---|
| ANTHONY VISKOVICH, derivatively on behalf of UNDER ARMOUR, INC. | * * |

1

|  |  |  |
|---|---|---|
| Plaintiff, | * | |
| v. | * | |
| KEVIN A. PLANK, *et al.*, | * | Civil Action No. RDB-20-3390 |
| Defendants, | * | |
| and | * | |
| UNDER ARMOUR, INC., | * | |
| Nominal Defendant. | * | |

## MEMORANDUM ORDER

On January 7, 2021, Plaintiffs in above-captioned civil actions, currently styled as *Andersen, et al. v. Plank, et al.*, Case No. RDB-18-2239 (D. Md.), and *Viskovich v. Plank, et al.*, Case No. RDB-20-3390 (D. Md.), filed motions seeking consolidation of their two pending stockholder derivative actions against Nominal Defendant Under Armour, Inc. ("Under Armour"). (*See* RDB-18-2239, ECF No. 35; RDB-20-3390, ECF No. 4.) On January 21, 2021, all Defendants in *Andersen* and *Viskovich*, as well as Nominal Defendant Under Armour, responded to the Plaintiffs' motion, moving this Court to consolidate the *Anderson* and *Viskovich* actions with a third pending shareholder derivative suit, currently styled as *Olin, et al. v. Plank, et al.*, Case No. RDB-20-2523 (D. Md.), which was previously consolidated with *Smith v. Plant, et al.*, Case No. RDB-20-2589. (*See* RDB-20-3390, ECF No. 40.) Under Armour and the Defendants in the actions captioned *Andersen, et al. v. Plank, et al.*, Case No. RDB-18-2239 (D. Md.), *Viskovich v. Plank, et al.*, Case No. RDB-20-3390 (D. Md.), and *Olin, et al. v. Plank, et*

2

*al.*, Case No. RDB-20-2523 (D. Md.), have filed substantively identical motions and supporting papers in all three cases, all of which seek consolidation of *Olin* with *Anderson* and *Viskovich*. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, this Court shall GRANT the Defendants' motions to consolidate.

Rule 42 of the Federal Rules of Civil Procedure allows the court in its discretion to consolidate actions which involve "common question[s] of law or fact." Fed. R. Civ. Pro. 42(a)(2). Policies of judicial economy generally favor the consolidation of related actions. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (holding that "substantial overlap" between two related cases required consolidation in "the interests of justice."). Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases. *See, e.g.*, *North Carolina Nat. Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir.1960) (acknowledging that "consolidation is within the sound discretion of the [trial] court . . . ."). "In exercising that discretion, courts should weigh 'the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause' to the parties." *Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, WMN-11-1973, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) (quoting *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The movant must demonstrate "that consolidation is desirable." *Id.*

Consolidation is proper in this case. All three cases pending before this Court are against many of the same defendants. Of the sixteen named defendants across the three cases, *Olin* shares ten defendants with *Andersen* and fourteen with *Viskovich*. All three cases are based

3

on substantially similar factual allegations: each action challenges Under Armour's disclosures, and *Olin* and *Viskovich* challenge (and *Andersen* is expected to challenge) Under Armour's sales and accounting practices. (*See* Motion to Consolidate, RDB-20-3390, ECF No. 35-1 at 2, 6; *Olin* Complaint, RDB-20-2523, ECF No. 1 ¶¶ 4, 8.) All three cases also involve similar causes of action for breach of fiduciary duty: all complaints assert claims that the Defendants breached their fiduciary duties by causing or permitting Under Armour to issue allegedly false and misleading statements. (*See* Motion to Consolidate, RDB-20-3390, ECF No. 35-1 at 6; *Olin* Complaint, RDB-20-2523, ECF No. 1 ¶¶ 142-46.)

The *Olin* action does differ from *Andersen* and *Viskovich* in one manner. The Plaintiffs in *Olin* did not make demand on the Under Armour Board before filing suit and, therefore, will be required to show that demand on the Board was futile under Maryland law. However, central to all three cases, regardless of whether demand was made or not, will be the issue of the Under Armour Board's independence. Under Maryland law, demand may be excused where the board lacks independence, meaning "a majority of the directors are so personally and directly conflicted or committed to the decision in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule." *Werbowsky v. Collomb*, 766 A.2d 123, 144 (Md. 2001). In *Olin*, the Plaintiffs allege in support of their demand futility claims that the Board was not sufficiently independent to impartially assess a demand. (*See Olin* Complaint, RDB-20-2523, ECF No. 1 ¶¶ 106-41.) The Plaintiffs in *Andersen* and *Viskovich* similarly allege that the Board wrongfully rejected their respective demands, arguing that the Board was not sufficiently independent to impartially assess their demands. (*See Andersen* Complaint, RDB-18-2239, ECF No. 1 ¶¶ 264-67; *Viskovich*

Complaint, RDB-20-3390, ECF No. 1 ¶¶ 102-14.)  The fact that the *Olin* Plaintiffs did not make demand on the Under Armour Board does not prevent consolidation of all three cases.

Accordingly, in the interest of judicial economy and pursuant to Fed. R. Civ. P. 42, it is this 26th day of January 2021, ORDERED that:

1. Defendants' Motion to Consolidate Cases (ECF No. 40 in RDB-18-2239) is GRANTED;

2. Plaintiff Paul's Motion for Consolidation (ECF No. 35 in RDB-18-2239) is DENIED AS MOOT;

3. Defendants' Motion Consolidate Cases (ECF No. 8 in RDB-20-3390) is GRANTED;

4. Plaintiff Viskovich's Motion to Consolidate Cases (ECF No. 4 in RDB-20-3390) is DENIED AS MOOT;

5. Defendants' Motion to Consolidate Cases (ECF No. 13 in RDB-20-2523) is GRANTED;

6. The following actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes:

    a. *Andersen, et al. v. Plank, et al.*, Case No. RDB-18-2239 (D. Md.)

    b. *Viskovich v. Plank, et al.*, Case No. RDB-20-3390 (D. Md.)

    c. *Olin, et al. v. Plank, et al.*, Case No. RDB-20-2523 (D. Md.)

    d. *Smith v. Plank, et al.*, Case No. RDB-20-2589 (D. Md.);

    e. Case No. RDB-18-2239 is designed as the lead case.  All future filing for the three above-captioned actions shall be made in the lead case.

7. The Clerk of this Court shall transmit copies of this Memorandum Order to the parties and all counsel of record currently listed in the cases RDB-18-2239, RDB-20-2523, and RDB-20-3390.

/s/
Richard D. Bennett
United States District Judge